IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JOHN TEKMEN and ILKEM, LLC | | |
| | * | |
| Appellants, | | |
| | * | Civil Action No.: RDB-11-1385 |
| v. | | Bankruptcy No.: 09-22090-RAG |
| | * | |
| JOHN E. HARMS, JR. & | | |
| ASSOCIATES, INC., | * | |
| | | |
| Appellee. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case is before this Court on appeal from the Order of the United States

Bankruptcy Court for the District of Maryland ("Bankruptcy Court") denying the motion of

John Tekmen ("Mr. Tekman") and Ilkem, LLC ("Ilkem"), (collectively "Appellants") to

vacate the entry of a default judgment ("Default Judgment"), against Appellants under

Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 7055 and

9024.  The Bankruptcy Court denied Appellants' motion, holding that Appellants' failure to

file an answer and address the Default Judgment was not the result of excusable neglect.  *See*

*Harms v. Tekmen*, Bankr. Case No. RAG-09-22090, Adversary Proceeding No. 09-00581,

(Bankr. D. Md. April 21, 2011), ECF No. 1-1 (hereinafter "Bankr. Mem. Op.").

Subsequently, Appellants appealed the Bankruptcy Court's decision, whereupon John E.

Harms, Jr. & Associates, Inc. ("Appellee") filed the presently pending Motion to Dismiss

Appeal.  (ECF No. 5).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §

158(a), as Appellants' appeal arises from the final order entered by the Bankruptcy Court.

Oral argument is deemed unnecessary as the facts and legal arguments are adequately

presented in the briefs and record, and because the decisional process would not be

significantly aided by oral argument. *See* Local Rule 105.6 (D. Md. 2010); Fed. R. Bankr. P.

8012.   For the reasons that follow, Appellee's Motion to Dismiss Appeal (ECF No. 5) is

GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

Appellee is the Chapter 11 debtor in the underlying bankruptcy proceedings.   Bankr.

Mem. Op. at 1.   The Bankruptcy Court granted Appellee's Motion for Default against

Appellants. *Id.* at 13.   Thereafter, Appellants moved to vacate the default judgment under

Rule 60(b).   The Bankruptcy Court denied Appellants' motion, and Appellants appealed to

this Court.   In response, Appellee filed a Motion to Dismiss Appeal.   Thus, only those facts

that directly affect this Court's decision, and not the actual underlying bankruptcy judgment,

will be summarized.

Appellee is an engineering firm, and apparently contracted with Appellants to provide

services for Georgetown Village Business Park in Georgetown, Delaware. *Id.* at 2.

Subsequently, on July 2, 2009, Appellee filed a Voluntary Petition for relief in the

Bankruptcy Court (Case No. 09-22090). *Id.*   Upon learning of the bankruptcy filing, Mr.

Tekmen demanded that Appellee return certain documents, records, and other intellectual

property in Appellee's possession that related to the Business Park project. *Id.*   In response,

Appellee told Mr. Tekmen that, before returning the documents, Mr. Tekman must pay the

sum of $6,118.74 before Appellee would return the requested items. *Id.* at 2-3.   On July 27,

3009, Mr. Tekmen paid Appellee the amount due using a check drawn on Ilkem's account, whereupon Appellee gave Mr. Tekmen documents related to Georgetown Business Park. *Id.* at 3. Only a few days later, on August 3, 2009, Mr. Tekmen and Ilkem stopped payment on the check. *Id.* Consequently, Appellee filed the adversarial proceeding seeking the $6,118.74. *Id.*

According to the record of the Bankruptcy Court, the following events are undisputed by the parties. *Id.* "On September 4, 2009, [Appellee] forwarded copies of the Summons and the Complaint to both Mr. Tekmen and the registered agent for Ilkem." *Id.* "On September 7, 2009 Mr. Tekmen was served with the Complaint and Summons." *Id.* "[Mr. Tekmen]'s written response to the Complaint was due to be filed by October 5, 2009." *Id.* The Summons stated, in pertinent part that "if you fail to respond in accordance with this summons, judgment by default may be taken against you for the relief demanded by the complaint." *Id.* at 4. Mr. Tekmen did not answer or otherwise plead to the Complaint and on October 8, 2009 Appellee filed the Motion for Default. *Id.* Neither Mr. Tekmen nor Ilkem filed a response to the Motion for Default, and on October 9, 2009 the Clerk of the Court entered default against both Mr. Tekmen and Ilkem. *Id.* On October 10, 2009 Mr. Tekmen received notice of the Defaults and retained counsel on October 12, 2009. *Id.* On November 3, 2009, the Bankruptcy Court entered the Default Judgment. *Id.* "On January 12, 2010 more than 120 days after the service of the Summons and Complaint, more than 90 days after the entry of the Default, and more than 70 days after the entry of the Default Judgment, Mr. Tekmen filed the Motion to Vacate." *Id.* In response, Appellee filed an Opposition to the Motion to Vacate on January 21, 2010. *Id.*

Appellants sought relief from the Bankruptcy Court's judgment solely on the grounds that Appellants' failure to file an answer and promptly address the Default Judgment was the result of excusable neglect under Rule 60(b)(1). *Id.* at 5. In denying the motion, the Bankruptcy Court conducted an equity-based analysis that examined "all the relevant circumstances surrounding the omission." *Id.* at 7, citing *Pioneer Ins. Servs. Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993). The Bankruptcy Court continued, "[t]hese factors include, the danger of prejudice to the opposing party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*, citing *Pioneer*, 507 U.S. at 388. The Bankruptcy Court stated, "*Pioneer* "stand[s] for the principle that a party's carelessness or oversight may be excused *if* there is some good reason that merits a second chance." *Id.* at 10.

The Bankruptcy Court explained that it was undisputed that Appellants' counsel did not contest the Default Judgment until seventy days after it was entered. *Id.* Counsel "was aware of all the relevant circumstances, yet seemingly made a conscious choice to do nothing as the weeks passed." *Id.* Moreover, the Bankruptcy Court found that Counsel's explanation that he reached an out of court agreement with Appellee regarding a stay of execution was "irrelevant to his obligation to act promptly in court, with knowledge of the circumstances, and also reflects an implied acknowledgement of the validity of the judgment." *Id.* Thus, the Bankruptcy Court held that Appellants did not provide a good reason for Appellants' delay in addressing the Default Judgment. *Id.*

The Bankruptcy Court acknowledged that in *Augusta Fibreglass Coatings, Inc. v. Fodor Contracting Corp.*, the Fourth Circuit "seemingly lays down a rule that will always find excusable neglect if the fault lies with the attorney." *Id.* at 11, citing *Augusta*, 843 F.2d 808, 811 (4th Cir. 1988). However, the Bankruptcy Court explained that *Augusta* is at odds with subsequent cases which have defined excusable neglect and confirmed that a party is bound by their attorney's actions. *Id.* Thus, the Bankruptcy Court did not find excusable neglect on the grounds that Appellants' Counsel was at fault. *Id.*

The Bankruptcy Court then addressed the remaining equitable factors from *Pioneer*—danger of prejudice[1], length of delay, reason for the delay, and good faith—and concluded that Appellants' failure to file an answer and promptly address the Default Judgment "while neglectful was not excusable." *Id.* at 13. Consequently, on April 21, 2011, the Bankruptcy Court denied the Defendants' Motion to Vacate Entry and closed the case.

Thereafter, on May 4, 2011, Appellants filed a Notice of Appeal to this Court under 28 U.S.C. § 158(a) from the order of the bankruptcy judge denying the Motion to Vacate Order Granting Judgment Against Tekmen and Ilkem By Default. Not. of App., ECF No. 1. Appellants' Notice of Appeal was filed with this Court on May 4, 2011, however no designation of record was filed as required by Bankruptcy Rule 8006. Therefore, on May 23, 2011, this Court issued an Order to Show Cause as to why no designation of record was filed. Order, ECF No. 2. On June 6, 2011, Appellants filed a Designation of Record On

---

[1] Regarding prejudice, the Bankruptcy Court noted, "It would cost the Debtor-Plaintiff's Estate as least as much as the amount in controversy to re-litigate this matter and that would be prejudicial to the Estate and its creditors in this reorganization context where scarce resources are the reality and efficiency should be the rule." Bankr. Mem. Op. at 12. In addition, some of the records Appellee gave to Appellants are intellectual property of the Estate. *Id.* Appellants "have had them since then and whatever unique value they had to the Estate has surely been lost." *Id.*

Appeal and Statement of Issues Presented (ECF No. 3) and a Response to Show Cause Order (ECF No. 4).  In response, Appellee filed a Motion to Dismiss Appeal on June 14 2011 on the ground that Appellants had not filed a brief in support of their appeal within fourteen days after initially entering their appeal.  (ECF No. 5).  As of the filing of this Memorandum Opinion, Appellants have not responded to Appellee's Motion to Dismiss and have not filed a brief in support of their Appeal as required by Bankruptcy Rule 8009(a)(1).  11 U.S.C. Rule 8009(a)(1) (2009).

## STANDARD OF REVIEW

Appellants brought this appeal pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo.  In re Merry-Go-Round Enterprises, Inc.,* 400 F.3d 219, 224 (4th Cir.2005); *In re Kielisch,* 258 F.3d 315, 319 (4th Cir.2001).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).  An abuse of discretion standard applies in the review of the Bankruptcy Court's denial of a Rule 60(b) motion.  *See Nat'l Org. for Women v. Operation Rescue*, 47 F.3d 667, 669 (4th Cir 1995) ("the power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b) rests within the district court's equitable powers, and its decision will not be disturbed on appeal absent a showing of an abuse of discretion.").  "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's

judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted).   The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  *See* Fed. R. Bankr.P. 8013; *see also In re White,* 128 Fed. Appx. 994, 999 (4th Cir.2005); *Suntrust Bank v. Johnson,* 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

Bankruptcy Rule 8009(a)(1) requires that the appellant serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007.   11 U.S.C. Rule 8009(a)(1) (2009).   "To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a)." *In re Byrd*, 2007 WL 4103048 (4th Cir. 2007), citing *In re SPR Corp.,* 45 F.3d 70, 74 (4th Cir. 1995).   "In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.,* 970 F.2d 1309 (4th Cir. 1992)." *Id.*   "Specifically, the court must: '(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives,' keeping in mind that dismissal is a 'harsh sanction which the district court must not impose lightly.'" *Id.*, quoting *Serra*, 970 F.2d at 1311.   "Proper application of the *Serra* test requires the court to consider and balance all relevant factors." *Id.*

## ANALYSIS

A. <u>Finding of bath faith or negligence</u>

In this case, this Court finds that Appellants have been negligent with regard to the procedural requirements of the bankruptcy appeals process.  Appellants did not respond to the Bankruptcy Court's entry of default for seventy days, whereupon Appellants filed a Motion to Vacate.  After the Bankruptcy Court denied Appellants' Motion to Vacate, Appellants filed a Notice of Appeal.  Appellants did not, however, file a designation of the items to be included on the record of appeal or a statement of the issues on appeal within fourteen days as required by Bankruptcy Rule 8006.  This Court issued an Order to Show Cause, and Appellants responded with the explanation that Appellants' Counsel includes both New York counsel and local counsel, and that there was confusion between them concerning the "division of labor with respect to this appeal."  Resp. to Order to Show Cause, ECF No. 4.  Thereafter Appellee filed a Motion to Dismiss Appeal, stating that Appellants had failed to "serve and file a brief within 14 days after entry of the appeal on the docket" pursuant to Bankruptcy Rule 8009(a)(1).  Mot. to Dismiss App. at 2, ECF No. 5.  It has been over four months since the Appellee filed its Motion to Dismiss, and Appellants have still not filed a brief required under Rule 8009(a)(1), nor have they responded to Appellee's Motion to Dismiss Appeal.  In sum, Appellants' pattern of delayed responses in violation of procedural rules constitutes negligence.

B. <u>Notice and an opportunity to explain the delay</u>

In its Order to Show Cause, this Court provided Appellants with an opportunity to explain its violation of Rule 8006.  Appellants' explanation that there was confusion between

Appellants' New York counsel and local counsel does not justify this pattern of delay.  If anything, it confirms this Court's finding of negligence.

C. <u>Whether the delay had any possible prejudicial effect on the other parties</u>

With regard to prejudice to Appellee, the Bankruptcy Court adequately summarized the potential for such prejudice.  *See supra* n.1.  In short, Appellants' pattern of delaying and extending this litigation is prejudicial to the Appellee's Estate and its creditors in the Chapter 11 reorganization, "where scarce resources are the reality and efficiency should be the rule." Bankr. Mem. Op. at 12.

D. <u>Consideration of the impact of the sanction and available alternatives</u>

This Court has considered the impact of the sanction and available alternatives, and keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly," this Court finds that dismissal is nonetheless appropriate where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation for their neglect.  *In re Byrd*, 2007 WL 4103048, quoting *Serra*, 970 F.2d at 1311.

## CONCLUSION

For the reasons stated above, Appellee John E. Harms, Jr. & Associates, Inc.'s Motion to Dismiss Appeal (ECF No. 5) is GRANTED.

A separate Order follows.

Dated: October 25, 2011                              /s/_____
                                                    Richard D. Bennett
                                                    United States District Judge